CROWN SIMPSON PULP CO. ET AL. *v.* COSTLE, ADMINISTRATOR, ENVIRONMENTAL PROTECTION AGENCY

No. 79–797.  Decided March 17, 1980

PER CURIAM.

Pursuant to § 301 of the Federal Water Pollution Control Act (Act), as added by the Federal Water Pollution Control Act Amendments of 1972, 86 Stat. 844, and amended by the Clean Water Act of 1977, 91 Stat. 1582, 33 U. S. C. § 1311 (1976 ed. and Supp. II), the Environmental Protection Agency (EPA) [1] promulgates regulations limiting the amount of effluent that can be discharged into navigable waters from a category or class of point sources of pollution.  Requirements for particular plants or mills are implemented through National Pollutant Discharge Elimination System (NPDES)

---

[1] We refer to the Administrator of EPA and to the Agency itself as EPA.

permits. EPA issues NPDES permits directly except in those States authorized by EPA to issue permits through their own programs. §§ 402 (b), 402 (c) of the Act, 33 U. S. C. §§ 1342 (b), 1342 (c) (1976 ed. and Supp. II). EPA is notified of the actions taken by state permit-issuing authorities and may veto the issuance of any permit by state authorities by objecting in writing within 90 days. § 402 (d)(2), 33 U. S. C. § 1342 (d)(2) (1976 ed., Supp. II). This case presents the question of whether the EPA's action denying a variance and disapproving effluent restrictions contained in a permit issued by an authorized state agency is directly reviewable in the United States Court of Appeals under § 509 (b) of the Act, 86 Stat. 892, 33 U. S. C. § 1369 (b).[2]

Petitioners operate bleached kraft pulpmills which discharge pollutants into the Pacific Ocean near Eureka, Cal. In 1976, they sought NPDES permits from the California Regional Water Resources Board, North Coast Region (Regional Board).[3] The Director of EPA's Region IX Enforcement Division objected to the permits proposed by the Regional Board. Petitioners sought direct review of the EPA's action in the Court of Appeals for the Ninth Circuit.

Those direct review proceedings were stayed pending action by the California State Water Resources Control Board (State Board). The State Board set aside the orders of the Regional Board and proposed to issue new permits in their stead. App. to Pet. for Cert. 54. It granted petitioners' re-

---

[2] Section 402 was amended in 1977, after the permits in the present case were vetoed, to give EPA the power, which it did not then have, to issue its own permit if the State fails to meet EPA's objection within a specified time. § 402 (d)(4) of the Act, as added, 91 Stat. 1599, 33 U. S. C. § 1342 (d)(4) (1976 ed., Supp. II). We do not consider the impact, if any, of this amendment on the jurisdictional issue presented herein.

[3] The EPA has authorized the State of California to administer the NPDES program through the State Water Resources Control Board. The Regional Board exercises power delegated by the latter agency.

quests for variances from EPA's effluent limitations[4] for Biochemical Oxygen Demand (BOD) and pH, but established alternative effluent limitations for BOD and pH to apply in case EPA disapproved the variances in the proposed permits. EPA denied the requested variances and vetoed the permits to the extent that they exempted petitioners from full compliance with the BOD and pH effluent limitations. Petitioners brought a direct review action in the Ninth Circuit, which was consolidated with the actions which they had individually filed earlier.[5]

The Court of Appeals dismissed the petitions for lack of jurisdiction. 599 F. 2d 897 (1979). It concluded that it had no jurisdiction under § 509 (b)(1)(E) of the Act, 33 U. S. C. § 1369 (b)(1)(E), which provides for review in the courts of appeals of actions "approving or promulgating any effluent limitation or other limitation. . . ." The Court of Appeals found this subsection inapplicable since EPA did not approve or promulgate anything when it rejected a proposed permit. 599 F. 2d, at 902. Further, the court found that the subsection applied to effluent limitations affecting categories of point sources rather than to decisions affecting particular plants only. *Ibid.*

The court also found jurisdiction lacking under § 509 (b) (1)(F) of the Act, 33 U. S. C. § 1369 (b)(1)(F), which provides for review in the courts of appeals of EPA actions "in issuing or denying any permit under [§ 402 of the Act]. . . ."[6] The court recognized that in States where EPA itself admin-

---

[4] EPA's national effluent limitations for the bleached segment of the American paper industry were substantially upheld in *Weyerhaeuser Co.* v. *Costle,* 191 U. S. App. D. C. 309, 590 F. 2d 1011 (1978).

[5] The petitions challenging the actions of the Regional Board became moot once the State Board set aside the Regional Board's orders. The only live administrative decision under review at the time of the Court of Appeals' decision would appear to be that of the State Board.

[6] State-proposed NPDES permits are issued under authority of § 402 (b) of the Act, 33 U. S. C. § 1342 (b) (1976 ed. and Supp. II).

isters the permit program, this subsection unquestionably provides for direct review in the courts of appeals. 599 F. 2d, at 903. However, because California administers its own permit-issuing program, EPA in the present case did no more than veto an NPDES permit proposed by the state authority. The Court of Appeals found that under its decision in *Washington* v. *EPA,* 573 F. 2d 583 (1978) (*Scott Paper*), EPA's veto of a state-issued permit did not constitute "issuing or denying" a permit and therefore did not clothe the court with jurisdiction.

District Judge Renfrew, sitting by designation, concurred in the majority's analysis of § 509 (b)(1)(E), and also agreed that the § 509 (b)(1)(F) question was foreclosed by *Scott Paper.* 599 F. 2d, at 905. However, Judge Renfrew, believing that *Scott Paper* was wrongly decided, urged the Court of Appeals to take the present case en banc in order to consider overruling that decision. He argued that vesting jurisdiction in the courts of appeals under § 509 (b)(1)(F) would best comport with the congressional goal of ensuring prompt resolution of challenges to EPA's actions and would recognize that EPA's veto of a state-issued permit is functionally similar to its denial of a permit in States which do not administer an approved permit-issuing program.

We agree with the concurring opinion and hold that the Court of Appeals had jurisdiction over this action under § 509 (b)(1)(F).[7] When EPA, as here, objects to effluent limitations contained in a state-issued permit, the precise effect of its action is to "den[y]" a permit within the meaning of § 509 (b)(1)(F). Under the contrary construction of the Court of Appeals, denials of NPDES permits would be reviewable at different levels of the federal-court system depending on the fortuitous circumstance of whether the State

---

[7] Because we find that the Court of Appeals had jurisdiction over this action under § 509 (b)(1)(F), we do not decide whether it might also have had jurisdiction under § 509 (b)(1)(E).

in which the case arose was or was not authorized to issue permits.[8] Moreover, the additional level of judicial review in those States with permit-issuing authority would likely cause delays in resolving disputes under the Act. Absent a far clearer expression of congressional intent, we are unwilling to read the Act as creating such a seemingly irrational bifurcated system.[9] We therefore grant the petition for certiorari, reverse the judgment of the Court of Appeals, and remand the case for further proceedings consistent with this opinion.

*So ordered.*

---

[8] Cf. *E. I. du Pont de Nemours & Co.* v. *Train,* 430 U. S. 112, 127–128, n. 18 (1977).

[9] Our holding is consistent with the approach taken by the Court of Appeals for the Sixth Circuit, *Republic Steel Corp.* v. *Costle,* 581 F. 2d 1228, 1230, n. 1 (1978), cert. denied, 440 U. S. 909 (1979); *Ford Motor Co.* v. *EPA,* 567 F. 2d 661, 668 (1977), and with dicta in the Second and Ninth Circuits, *Mianus River Preservation Comm.* v. *Administrator, EPA,* 541 F. 2d 899, 909 (CA2 1976); *Shell Oil Co.* v. *Train,* 585 F. 2d 408, 412 (CA9 1978). The Court of Appeals in the present case relied on decisions holding that the EPA's failure to object to a state-issued permit is not reviewable in the courts of appeals under § 509. *Save the Bay, Inc.* v. *Administrator, EPA,* 556 F. 2d 1282 (CA5 1977); *Mianus River Preservation Comm., supra.* However, those cases may be distinguishable because EPA's failure to object, as opposed to its affirmative veto of a state-issued permit, would not necessarily amount to "Administrator's action" within the meaning of § 509 (b) (1).