709 F.2d 1310
 21 ERC 1858
 FORELAWS ON BOARD, an unincorporated association, and Lloyd
Marbet, Plaintiffs-Appellants,
v.
Peter JOHNSON, as Administrator of the Bonneville Power
Administration, Department of Energy, James Edwards, as
Secretary of the Department of Energy, and the United States
of America, Defendants-Appellees.
 No. 82-3257.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 6, 1983.
Decided July 6, 1983.
 
 Linda K. Williams, Portland, Or., for plaintiffs-appellants.
 Thomas D. Miller, Sp. Asst. U.S. Atty., BPA, Portland, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before KILKENNY, WALLACE and SCHROEDER, Circuit Judges.
 SCHROEDER, Circuit Judge:
 
 
 1
 The issue in this case is whether, under the unusual judicial review provisions of the Pacific Northwest Electric Power Planning and Conservation Act, 16 U.S.C. Secs. 839-839h (Supp. V 1981) (the Regional Act), a petition for review of a final agency action should have been filed initially in this court rather than in the district court.
 
 
 2
 Plaintiffs-appellants, an environmental protection group and one of its members, appeal from the district court's dismissal of their complaint for lack of subject matter jurisdiction. Plaintiffs challenged the execution by the defendant-appellee Bonneville Power Administration (BPA) of long-term power contracts which the Regional Act contemplates. See 16 U.S.C. Sec. 839c(g)(1). Their complaint alleged that BPA's action in offering or entering into such contracts without issuing environmental impact statements violated the National Environmental Policy Act, 42 U.S.C. Secs. 4321 et seq. (1976 & Supp. V 1981) (NEPA).
 
 
 3
 The district court in a published opinion interpreted the Regional Act to require that these claims be brought directly in the court of appeals. National Wildlife Federation v. Johnson, 548 F.Supp. 708 (D.Or.1982). The district court based its determination upon the legislative intent to expedite litigation involving actions taken under the Regional Act, and upon the presumption against irrational bifurcation of jurisdiction. We have jurisdiction of this appeal under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 4
 The provision of the Regional Act which we must interpret states:
 
 
 5
 Suits to challenge the constitutionality of this chapter, or any action thereunder, final actions and decisions taken pursuant to this chapter by the Administrator or the Council, or the implementation of such final actions, whether brought pursuant to this chapter, the Bonneville Project Act, the Act of August 31, 1964, or the Federal Columbia River Transmission System Act, shall be filed in the United States court of appeals for the region.... Suits challenging any other actions under this chapter shall be filed in the appropriate court.
 
 
 6
 16 U.S.C. Sec. 839f(e)(5). The Act defines final actions to include "sales, exchanges, and purchases of electric power under section 839c of this title." 16 U.S.C. Sec. 839f(e)(1)(B).
 
 
 7
 This court has already held that suits to challenge "final actions such as contract offers" must, under the Regional Act, be brought in the court of appeals for the region. Central Lincoln Peoples' Utility District v. Johnson, 686 F.2d 708, 710 (9th Cir.1982), cert. granted, --- U.S. ----, 103 S.Ct. 1496, 75 L.Ed.2d 928 (1983); see generally City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336, 78 S.Ct. 1209, 1218, 2 L.Ed.2d 1345 (1958) (Congress may prescribe the court in which judicial review of agency action may be had). This suit, like Central Lincoln, involves a challenge to contracts offered by the Administrator. Unlike that case, however, these plaintiffs do not allege that the contracts violated the Regional Act or any of the federal power statutes listed in section 839f(e)(5). For this reason, they contend that judicial review is governed by the catch-all provision in the last sentence of the section, which provides that jurisdiction over challenges to "other actions" lies "in the appropriate court." They further contend that the district court was the "appropriate court" to hear their claims. Plaintiffs thus seek to evade the first sentence, which requires suits challenging final actions to be brought in the court of appeals, by arguing that it addresses only challenges alleging a violation of those federal power statutes which specifically control BPA's actions, and which are enumerated in the same sentence.
 
 
 8
 The BPA, on the other hand, contends that this enumeration is merely illustrative of statutes with which BPA must comply; it points out that one important statute governing BPA, the Flood Control Act of 1944[1] is not even mentioned. It argues that the list of statutes does not exhaustively catalogue the grounds for challenges which can be presented initially in the court of appeals.
 
 
 9
 The BPA emphasizes a different dichotomy in the statute with respect to judicial review. In its view, the basic division is not between types of statutory challenges which might be asserted, but between types of agency action which may be reviewed. One type of agency action is described in the first sentence as "final actions and decisions taken pursuant to this chapter by the Administrator or the Council." For this kind of action, review must be sought in the court of appeals. The other type is described in the last sentence as "other actions under this chapter." For those actions review must be sought "in the appropriate court," which in some cases could be the district court.[2]
 
 
 10
 These arguments of the parties primarily demonstrate the statute's lack of clarity. It plainly provides for jurisdiction in this court over challenges to final BPA actions under the Regional Act, when the challenges are based upon the listed federal power laws. It also provides for possible jurisdiction elsewhere over challenges to other administrative actions under the Act. Challenges to final BPA actions based upon an alleged violation of unlisted laws are not mentioned, however, and such a challenge is before us now. Because Congress has not unambiguously prescribed the court in which this challenge to agency action must be brought, we must infer Congress' jurisdictional choice. City of Rochester v. Bond, 603 F.2d 927, 935 (D.C.Cir.1979).
 
 
 11
 The district court looked to the intent of the members of Congress "to expedite the litigation they knew would follow passage of and actions under this act." 548 F.Supp. at 709. We have previously noted the emphasis of the entire structure of the legislation on prompt action. Public Power Council v. Johnson, 674 F.2d 791, 795 (9th Cir.1982). The purpose of the Regional Act was to respond to the urgent need to allocate power resources in the Pacific Northwest. The Act requires expeditious judicial review to further this pressing concern. Id.
 
 
 12
 The district court was also troubled by the bifurcation which appellants' interpretation would entail. As plaintiffs acknowledge, the court of appeals must entertain all contract challenges which are grounded in the various federal power statutes listed in section 839f(e)(5). Plaintiffs nevertheless argue that when challenges to the identical contract action allege violations of unlisted statutes like NEPA, there must be review in the district court. 548 F.Supp. at 710.
 
 
 13
 The instructive Supreme Court case which scrutinizes the problem of bifurcated review is Crown Simpson Pulp Co. v. Costle, 445 U.S. 193, 100 S.Ct. 1093, 63 L.Ed.2d 312 (1980) (per curiam). The Court there refused to accept a statutory interpretation similar to that urged by plaintiffs here. The bifurcation in that case would have resulted in initial review of some EPA decisions in the district courts, and of other essentially similar decisions in the appellate courts. There, as here, it was not clearly shown that Congress intended such a division, and bifurcation appeared to be irrational in light of the statute's emphasis on prompt action. Id. at 196-98, 100 S.Ct. at 1094-95. Bifurcation in this case would result in far more confusion, delay and potential for conflicting results. That is because unlike Crown Simpson, the bifurcation appellants seek here could result in the very same agency decision being reviewed simultaneously in courts at two different levels.
 
 
 14
 It is true, as plaintiffs point out, that under the district court's view, most NEPA challenges will be brought in the district court, while NEPA challenges to final actions under the Regional Act will be brought in the court of appeals. That is not, however, a "bifurcation" of the sort that Crown Simpson labelled "irrational." Crown Simpson directs us to center our analysis upon the agency action which is challenged, and, in the absence of a clear statutory directive, to avoid a result which would subject essentially identical agency action to initial review in different levels of the federal courts. Its teaching is particularly pertinent in light of Congress' intent to consolidate and expedite review of challenges under the Regional Act. Accord, City of Rochester v. Bond, 603 F.2d at 936-37 (construing direct review provisions of Communications Act of 1934 to require NEPA challenges to be brought in the court of appeals).
 
 
 15
 For these reasons we conclude that the district court's decision that it lacked jurisdiction over plaintiff's complaint was correct. This holding does not imply that we underestimate the procedural and factfinding problems to which, as we observed in Central Lincoln, 686 F.2d at 710, and Public Power Council v. Johnson, 674 F.2d at 793, our original jurisdiction under the Act gives rise. The result is necessary, however, if the Act is to work as Congress intended.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 P.L. No. 534, 58 Stat. 887 (codified in scattered sections of 16, 33 & 43 U.S.C.)
 
 
 [2]
 The BPA does not concede that if the last sentence governed this action, the district court would necessarily be the "appropriate" court. We assume for the purpose of this case that it would be, but we do not decide the issue